## GEORGE W. WATERS *vs.* THE MAYOR AND CITY COUNCIL OF LAUREL.

*Construction of an Act Authorizing a Municipality to Issue Bonds—Omission of Name in One Section.*

The title of the Act of 1900, ch. 169, is: "An Act to authorize and empower the Mayor and City Council of Laurel to borrow money on the credit of said town for the purpose of constructing water-works" etc. The first section of the Act provided that "for the purpose of establishing, constructing and maintaining water-works, etc., the Mayor and City

Council be and they are hereby authorized and empowered to borrow money," etc. The words "of Laurel" are omitted after the words "City Council" in this section, but in other sections, relating to the same subject-matter, the municipality is named as the Mayor and City Council of Laurel. Plaintiff, a taxpayer of the town, filed a bill to enjoin the issue of bonds as authorized by the Act, alleging that the omission of the name "Laurel" in the first section thereof rendered the same invalid. *Held*, that the Act must be construed as a whole, including its title, and that so construed it confers the power in question upon the Mayor and City Council of Laurel

Appeal from a *pro forma* decree of the Circuit Court for Prince George's County.

The cause was submitted to the Court on briefs by *J. P. Curley*, for the appellant, and *Chas. H. Stanley*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This case was submitted upon printed briefs, without an oral argument. The question presented by the record and argued by the counsel in their briefs, is a narrow one, and it seems to us, to be free from difficulty. The bill is filed by the appellant, George W. Waters, a taxpayer of the town of Laurel, in Prince George's County, on behalf of himself, and other taxpayers, who may come in and contribute to the expenses of the suit, for an injunction to restrain the Mayor and City Council of Laurel, its clerk, treasurer, agents and employees, " from incurring a debt, and from selling or negotiating bonds of the town of Laurel, Prince George's County," as provided by chapter 169, of the Acts of 1900.

The principal allegation of the bill and the one upon which the relief is based, is, that the Act of 1900, chapter 169, does not give to the Mayor and City Council of Laurel, express power to issue the bonds and to incur the debt, because the first section of the Act omits to name " the town of Laurel," although it is named in the title and the other sections of the Act. The defendant answered the bill, stating that it had a right through its proper officers to sell and deliver the bonds, and to incur the debt against the town of Laurel, Prince

George's County.  On the same day a *pro forma* decree was passed by the Circuit Court for Prince George's County, refusing the injunction and dismissing the plaintiff's bill.  It is from this order that an appeal has been taken.

· It is a primary rule in the construction of statutes, that the intention of the Legislature, is to be gathered from the words of the Act itself, when they are plain and explicit, but if not, it is to be gathered from the occasion and necessity of the law, being the causes which moved the Legislature to enact it.  The object and purpose of the Act of 1900, ch. 169, is clearly indicated by its title : " An Act to authorize and empower the Mayor and City Council of Laurel to borrow money on the credit of said town for the purpose of constructing water-works for said town, do necesary draining and purchase, construct or erect an electric lighting and power plant.  To issue bonds for the payment of the same and to levy taxes on the assessable property of said town to redeem the said bonds and pay the interest thereon."  The provisions of the first section and the one with which we are now concerned, is in these words : " That for the purpose of establishing, constructing and maintaining water-works capable of furnishing the residents of the town with a good and sufficient supply of water for ordinary purposes and for fire protection and·to do necessary drainage, the Mayor and City Council be and they are hereby authorized and empowered to borrow money on the credit of the town to an amount not exceeding thirty-five thousand dollars, and to purchase or construct, an electric light plant to light the streets of said town, a sum not exceeding ten thousand dollars and to issue the registered bonds of said town in payment of the sum so borrowed, &c., &c., &c."

Now while the words "of Laurel," are omitted after the Mayor and City Council, in the first section of the Act, yet it is quite apparent, we think, from an examination of the whole Act, that the first section refers to the Mayor and City Council of Laurel.

It· is conceded that the town of Laurel, Prince George's County, is the only town of Laurel, within the State.  The

fourth section of the Act, provides that "the title to said water-works and all lands, estates and water-courses, water-ways, conduits, pipes, machinery and all other parts thereto shall, when completed or acquired, vest in the Mayor and City Council of Laurel." The fifth section of the Act enacts that "for the purpose of redeeming the bonds at their maturity and for securing the prompt payment of the interest thereon, the Mayor and City Council of Laurel shall levy a   *   *   tax on the assessable property of the town, not exceeding twenty-five cents on the one hundred dollars to pay the interest thereon, and the sum of five hundred dollars of the principal of said debt for the payment of the same at maturity. The said sum of five hundred dollars shall be held and invested by the Mayor and City Council of Laurel, as a sinking fund for the redemption of the bonds at maturity."

Looking, then, to the whole Act, we are clearly of the opinion, that the objection raised by the appellant to the Act, cannot be sustained. The object and general purpose of the law is not only stated in the title of the law, but is fully set forth in the body of the Act itself. The words, the Mayor and City Council of Laurel, as we have seen, is not only set out in the title of the Act, but they appear in other sections of the Act, except the first section.

There can be no question, then, as to the validity of the statute now before us, nor as to the power it confers upon the Mayor and City Council of Laurel, viz : to issue bonds for the purpose of raising money to construct water-works and an electric light plant in the town of Laurel, Prince George's County.

It follows from what we have said that the *pro forma* order of the Circuit Court for Prince George's County, passed on the 7th day of January, 1901, will be affirmed and the plaintiff's bill will be dismissed.

*Order affirmed, and bill dismissed with costs.*

(Decided March 14th, 1901.)